# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

3/26/2015 12:37:20 PM

CHRISTOPHER A. PRINE
Clerk

**DATE: MARCH 26, 2015**

**NOTICE OF APPEALS**
**ASSIGNMENT OF COURT THE COURT OF APPEALS**

**TO:       14TH  COURT OF APPEALS**

**From:     Deputy Clerk: PHYLLIS WASHINGTON**
**Chris Daniel, District Clerk**
**Harris County, T E X A S**

**CAUSE:   2010-64089**

**VOLUME _____   PAGE _____      OR     IMAGE # 63955476**

**DUE   5-23-15                          ATTORNEY BAR # 06794600**

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE  14TH**

**DATE ORDER SIGNED:     01-23-15**

**MOTION FOR NEW TRIAL/REQUEST FOR FINDINGS OF FACT; DATE: FILED   02-18-15**

**REQUEST TRANSCRIPT DATE FILED       03-25-15**

**NOTICE OF APPEAL DATE FILED        03-25-15**

**NUMBER OF DAYS: ( CLERKS RECORD )  120**

**FILE ORDERED:   YES ☐   NO ☒   IMAGED FILED:   YES ☒   NO ☐**

**CODES FOR NOTICE OF APPEAL:   BG, C, O,**

CHRIS DANIEL
Harris County, District Clerk

By:   /s/PHYLLIS WASHINGTON
**PHYLLIS WASHINGTON, Deputy**

| | |
|---|---|
| BC | NOTICE OF APPEAL FILED |
| BG | NOTICE OF APPEAL FILED – GOVERNMENT |
| C | JUDGMENT BEING APPEALED |
| D - | ACCELERATED APPEAL |
| OA | NO CLERK'S RECORD REQUEST FILED |
| O | CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL) |
| NA | AMENDED NOTICE OF APPEAL |

CAUSE NO. 2010-64089

| | | |
|---|---|---|
| GUSTAVO E. DUCHARNE | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TEX-FIN, INC. and | § | |
| TEXAS WORKFORCE COMMISSION | § | 129TH JUDICIAL DISTRICT |

## TEX-FIN, INC.'S NOTICE OF APPEAL

TO THE HONORABLE COURT:

Defendant and Counter-Plaintiff, Tex-Fin, Inc., ("Tex-Fin") files this Notice of Appeal and would show the Court the following:

1.      Tex-Fin desires to appeal from the Final Summary Judgment signed by this Court on January 23, 2015.

2.      Tex-Fin appeals to the First or Fourteenth Court of Appeals in Houston.

3.      As required by the Local Rules Relating to Assignment of Related Cases to and Transfers of Related Cases between the First and Fourteenth Court of Appeals, I certify that Tex-Fin has not previously filed a related appeal or original proceeding in either the First or Fourteenth Court of Appeals.

Respectfully submitted,

ROTHFELDER & FALICK, L.L.P.

/s/ Michael C. Falick
Michael C. Falick
State Bar Number 06794600
mfalick@swbell.net
1201 Louisiana, Suite 550
Houston TX 77002
(713) 220-2288 – Telephone
(713) 658-8211 – Facsimile
ATTORNEY FOR DEFENDANT/COUNTER-
PLAINTIFF TEX-FIN, INC.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served upon the persons identified below via electronic filing delivery on March 25, 2015:

G. Scott Fiddler
1004 Congress, Suite 200
Houston, TX 77002
(713) 228-0078 (fax)

Anthony Aterno
Assistance Texas Attorney General
P.O. Box 12548
Austin TX 78711-2548
(512) 457-4403 (fax)

*/s/ Michael C. Falick*
Michael C. Falick

Filed 11 January 26 P12:44
Chris Daniel - District Clerk
Harris County
ED101J016150944
By: melanie flores

## CAUSE NO. 2010-64089

P.2
1
NCA

| | | |
|---|---|---|
| GUSTAVO E. DUCHARNE,<br>     Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§ | OF HARRIS COUNTY, TEXAS |
| TEX-FIN, INC. and<br>TEXAS WORKFORCE COMMISSION,<br>     Defendants. | §<br>§<br>§<br>§ | 129TH JUDICIAL DISTRICT |

FINAL ~~JUDGMENT~~ SUMMARY JUDGMENT
~~ORDER~~

On the ~~this~~ day ~~of~~ _____ 2011, the Court considered *Tex-Fin Inc.'s Motion for Summary Judgment, Motion for Summary Judgment of Texas Workforce Commission* and *Plaintiff's Response to Defendants' Motions for Summary Judgment and Plaintiff's Cross-Motion for Summary* in the above-entitled and numbered cause. The motions were duly presented to the Court, as were responses to the same. The Court considered the argument of counsel, and the Court rules as follows:

IT IS THEREFORE ORDERED *Tex-Fin Inc.'s Motion for Summary Judgment* is DENIED.

IT IS THEREFORE ORDERED *Motion for Summary Judgment of Texas Workforce Commission* is DENIED.

IT IS FURTHER ORDERED *Plaintiff's Cross-Motion for Summary Judgment* is GRANTED, in part. ✳

SIGNED this 23 day of January 2015, 2011.

_____
JUDGE PRESIDING

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

The Court ORDERS that the Texas Workforce Commission's decision denying and dismissing Plaintiff Gustavo Ducharne's wage claim is REVERSED and SET ASIDE.

Therefore, the Court ORDERS that the case be REMANDED to the Texas Workforce Commission for further proceedings to determine the amount wages due to Plaintiff Gustavo Ducharne in light of the Court's ruling.

This is the final judgment; it disposes of all claims and parties, and is appealable.

2/18/2015 9:53:19 AM
Chris Daniel - District Clerk Harris County
Envelope No. 4187871
By: Marcella Hill
Filed: 2/18/2015 9:53:19 AM

## CAUSE NO. 2010-64089

| | | |
|---|---|---|
| **GUSTAVO E. DUCHARNE** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **TEX-FIN, INC. and** | § | |
| **TEXAS WORKFORCE COMMISSION** | § | **129TH JUDICIAL DISTRICT** |

## TEX-FIN, INC.'S MOTION FOR NEW TRIAL

TO THE HONORABLE COURT:

Defendant Tex-Fin, Inc., ("Tex-Fin") files this Motion for New Trial and would show the Court the following:

## I. INTRODUCTION

1.      Plaintiff Gustavo Ducharne ("Ducharne") filed this suit seeking a judicial review of the decision of the Texas Workforce Commission ("TWC" and/or the "Commission") denying his Payday Claim against Tex-Fin. The only question presented to the trial court in such a case is whether there was substantial evidence to support the Commission's decision. All parties moved for summary judgment, and on January 23, 2015, the Court issued a Final Summary Judgment Order denying the Motions for Summary Judgment of Defendants Tex-Fin and the TWC, and granting the Plaintiff's Cross-Motion for Summary Judgment, in part. (See Exhibit A). Tex-Fin moves the Court for a new trial because (1) the Court erred in reversing the decision of the TWC and rendering judgment that Ducharne was entitled to unpaid wages, and (2) the Court did not adhere to the substantial evidence rule in exercising its appellate review of the TWC's decision.

---

## II. ARGUMENT AND AUTHORITIES

**A.** **THE COURT DID NOT HAVE THE POWER TO REVERSE THE TWC'S ORIGINAL DECISION AND RENDER AN ORDER IN ITS PLACE**

2.     The Court's January 23, 2015 Final Summary Judgment Order reversed the TWC's decision, which denied and dismissed Ducharne's unpaid wage claim, and remanded the case to the TWC "for further proceedings to determine the amount wages [sic] due to Plaintiff Gustavo Ducharne in light of the Court's ruling."

3.     A judicial review of a decision of the Texas Workforce Commission is by "trial de novo with the substantial evidence rule being the standard of review." TEX. LABOR CODE § 61.062 (e). *Mercer v. Ross,* 701 S.W.2d 830, 831 (Tex. 1986). The substantial evidence/trial de novo standard presents only a question of law in which this Court, as the reviewing court, cannot substitute its judgment for that of the Commission's judgment. *Arrellano v. Texas Employment Commission,* 810 S.W.2d 767, 771 (Tex. App.—San Antonio 1991, writ denied). As the Supreme Court has explained on several occasions, the issue is whether the evidence presented shows facts in existence at the time of the Commission's decision that reasonably support the decision. "The reviewing court may not set aside a [Commission's] decision merely because it would reach a different conclusion." *Collingsworth General Hospital v. Hunnicutt,* 988 S.W.2d 706, 708 (Tex. 1998); *see Firemen's and Policemen's Civil Service Comm'n, v. Brinkmeyer,* 662 S.W.2d 953, 955–56 (Tex. 1984) (Trial court to determine **only** "the issues of whether the agency's ruling is free of the taint of any illegality and is reasonably supported by substantial evidence.").

4.     This Court's review was therefore constrained by well-established rules of law. The Court was able to do one of two things: 1) If the court concluded that substantial evidence supported the Commission's decision, it was required to affirm. 2) Otherwise, "Only if [the trial

court] finds that the . . . decision was made without regard to the law or the facts and therefore was unreasonable, arbitrary, or capricious" may it set aside the TWC's decision. *Mercer*, 701 S.W.2d at 831. In the latter case, the trial court **must** remand to the agency. *Texas Department of Transportation v. Jones Brothers*, 92 S.W.3d 477, 485 (Tex. 2002). As the Court explained in *Jones Brothers*,

> The trial court's jurisdiction in this case was limited to a substantial evidence review of TxDOT's final order. . . . Accordingly, the trial court could only have affirmed the ALJ's decision, or reversed and remanded it if the trial court determined that the ALJ's decision was, among other statutory considerations, affected by an error of law. *See* TEX. GOV'T CODE § 2001.174. Consequently, the trial court erred by awarding Jones additional damages, interest, and attorneys' fees.

*Id.* (internal citation omitted); *see also, Texas Department of Public Safety v. Jauregui*, 176 S.W.3d 846, 851 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

5.      Thus, while Tex-Fin strongly maintains that the application of the required standard of review to the evidence before the Court compelled that the decision of the TWC be affirmed, the only alternative available was to reverse and remand. The Court erred by issuing a finding of fact, and therefore rendering a decision in the place of the Commission's, that Ducharne was entitled to any amount of unpaid wages. For this reason, Tex-Fin moves the Court for a new trial.

**B.      THE COURT DID NOT ADHERE TO THE SUBSTANTIAL EVIDENCE RULE IN EXERCISING ITS APPELLATE REVIEW OF THE TWC'S DECISION**

6.      A ruling by the TWC "carries a presumption of validity and the party seeking to set it aside has the burden to show it was not supported by substantial evidence." *Mercer*, 701 S.W.2d at 831. That burden is "formidable." *Safety v. Axt*, 292 S.W.3d 736, 737 (Tex. App.—Fort Worth 2009, no pet.). A trial court may not set aside a TWC decision merely because it would reach a different conclusion or because there is conflicting or disputed testimony.

*Collingsworth Gen. Hosp. v. Hunnicut,* 988 S.W.2d 706, 708 (Tex. 1998). A court may do so only if "it finds that the TWC's decision was made without regard to the law or the facts, and, therefore, was unreasonable, arbitrary, or capricious." *Mercer,* 702 S.W.2d at 831.

7.      The trial court may consider any evidence in existence at the time of the hearing before the Commission. *Texas Workforce Commission v. City of Houston,* 274 S.W.3d 263, 266 (Tex. App.—Houston [1st Dist.] 2008, no pet.) "Substantial evidence is more than a mere scintilla, but less than a preponderance of the evidence." *City of Houston v. Tippy,* 991 S. W.2d 330, 334 (Tex. App.—Houston [1st Dist.] 1999, no pet.). "In fact, the evidence may be substantial and yet greatly preponderate the other way." *Olivarez v. Aluminum Corp. of Am.,* 693 S.W.2d 931, 932 (Tex.1985).  If the evidence before the court, taken as a whole, is such that reasonable minds could have reached the same conclusion, the order must be sustained. *Trapp v. Shell Oil Co.,* 145 Tex. 323, 198 S.W.2d 424, 441 (Tex. 1946).  "Resolution of factual conflicts and ambiguities is the province of the administrative body and it is the aim of the substantial evidence rule to protect that function." *Firemen's & Policemen's Civil Service Comm'n v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex. 1984). The court reviewing the decision must not put itself in the position of the Commission and substitute it's finding for that of the Commission, even if it concludes that the overwhelming preponderance of evidence is against the decision. *City of San Antonio v. Boehme Bakery,* 144 Tex. 281, 190 S.W.2d 67, 70 (Tex. 1945).

8.      To defeat summary judgment, Ducharne was required to "produce evidence that conclusively *negates* all reasonable support for the . . . decision, on any possible ground." *Bigham Automotive & Electric Co. v. Texas Workforce Commission,* 2010 WL 4105661 (Tex. App.—Amarillo 2010, no pet.), citing *Brinkmeyer,* 662 SW.2d at 956. In contrast to a usual motion for summary judgment, factual conflicts and disputed testimony are not determinative,

because the administrative body has already resolved any "factual conflicts or ambiguities." *See Brinkmeyer,* 622 S.W.2d at 956. Thus, the only question before the Court was whether "the summary judgment evidence establishe[d] as a matter of law that substantial evidence existed to support [the Commission's] decision." *Texas Workers' Compensation Insurance Fund v. Texas Employment Commission,* 941 S.W.2d 331, 333-34 (Tex. App.—Corpus Christi 1997, no pet.) In this case, the evidence and arguments presented with Tex-Fin's Motion for Summary Judgment "show[ed] facts in existence at the time of the . . . decision which reasonably support the decision." *Brinkmeyer,* 662 S.W.2d at 956. The Court erred in denying Tex-Fin's Motion for Summary Judgment and granting Ducharne's Motion for Summary Judgment because substantial evidence existed to support the TWC's decision. Therefore, Tex-Fin moves the Court for a new trial.

### III. <u>CONCLUSION</u>

For the above reasons, Tex-Fin, Inc. asks the Court to grant this Motion for New Trial, and for all other appropriate relief.

Respectfully submitted,

**ROTHFELDER & FALICK, L.L.P.**

*/s/ Michael C. Falick*
Michael C. Falick
State Bar Number 06794600
mfalick@swbell.net
1201 Louisiana, Suite 550
Houston TX 77002
(713) 220-2288 – Telephone
(713) 658-8211 – Facsimile
**ATTORNEYS FOR DEFENDANT/COUNTER-PLAINTIFF TEX-FIN, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served upon the persons identified below electronically through E-File Texas on February 18, 2015:

G. Scott Fiddler
1004 Congress, Suite 200
Houston, TX 77002
scott@fiddlerlaw.com

Anthony Aterno
Assistance Texas Attorney General
P.O. Box 12548
Austin TX 78711-2548
Anthony.Aterno@texasattorneygeneral.gov

/s/ Michael C. Falick
Michael C. Falick

```
JURN7 (NSA#)    JUSTICE INFORMATION MANAGEMENT SYSTEM    MAR 26, 2015(C1)
INT6510                    CIVIL CASE INTAKE             OPT: _____  -  INT
                       GENERAL PARTY INQUIRY            PAGE:   1  -    1

CASE NUM: 201064089__ PJN> __  TRANS NUM: _____  CURRENT COURT: 129 PUB? _
CASE TYPE: OTHER CIVIL                    CASE STATUS: DISPOSED (FINAL)
STYLE: DUCHARNE, GUSTAVO E              VS TEX-FIN INC
=============================================================================
                      **** INACTIVE PARTIES ****
  PJN  PER/CONN COC  BAR        PERSON NAME              PTY    ASSOC. ATTY
  NUM   NUMBER                                           STAT
 _    00002-0002 XPL 06794600 TEX-FIN INC                       FALICK, MICHA
 _    00001-0002 XDF          DUCHARNE, GUSTAVO E
 _    00003-0001 DEF 01399100 TEXAS WORKFORCE COMMISSION        ATERNO, ANTHO
 _    00006-0001 MED 03914500 CARTER, ERIC G.
 _    00005-0001 AGT          TEX-FIN INC BY SERVING ITS REG
 _    00004-0001 AGT          TEXAS WORKFORCE COMMISSION MAY
 _    00002-0001 DEF 06794600 TEX-FIN INC                       FALICK, MICHA
 _    00001-0001 PLT 06957750 DUCHARNE, GUSTAVO E               FIDDLER, G. S

==> (8) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```